**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Applicant, | ) ) | |
| v. | ) ) | No. 16 C 9389 |
| WESTROCK CO., | ) ) ) | Judge Marvin E. Aspen<br>Magistrate Judge Finnegan |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The U.S. Equal Employment Opportunity Commission ("EEOC") has filed an application to enforce an administrative subpoena issued to WestRock Co. in connection with an investigation of charges of sex discrimination based on pregnancy in violation of Title VII of the Civil Rights Act of 1964. The subpoena asks WestRock to produce an electronic database with the name, date of hire, position and title, current employment status, date and reason for separation if not currently employed, last known home address, and all known telephone numbers for "each female individual under the age of 50 employed at any time at the Hillsdale, Illinois facility," for the period January 1, 2011 to June 30, 2015. WestRock objects that the requested data is irrelevant and unduly burdensome to produce.

The district judge referred the matter to this Court for a Report and Recommendation. Based on the parties' briefs, oral arguments made at a hearing on November 30, 2016, and supplemental written submissions, the Court now

recommends that the application be granted. WestRock should be ordered to respond to the subpoena and produce the requested information as set forth below.

## DISCUSSION

"Subpoena enforcement proceedings are designed to be summary in nature." *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002) (internal quotations omitted). Though the court has an "oversight role," it is limited: "As long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena." *Id*. The EEOC's burden in showing relevance is "not particularly onerous." *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68 (1984). Traditionally, courts "have allowed the EEOC access to information that 'might cast light on the allegations against the employer." *United Air Lines*, 287 F.3d at 652 (quoting *Shell Oil*, 466 U.S. at 68-69). Since there is a presumption that "compliance should be enforced to further the agency's legitimate inquiry into matters of public interest," a court can modify a subpoena "only if the employer carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad." *Id*. at 653 (internal quotations omitted).

Here, the EEOC is investigating whether WestRock engaged in sex discrimination based on pregnancy when it discharged former employee Maria Torres in June 2013 for a pregnancy-related leave of absence. (Doc. 4, at 4). Such an investigation is certainly within the scope of the EEOC's statutory authority. *See E.E.O.C. v. Autozone, Inc.*, No. 07-1154, 2009 WL 464574, at *4 (C.D. Ill. Feb. 23, 2009) (EEOC has "statutory grant of authority . . . to enforce the underlying policy of and

2

public interest in the anti-discrimination statutes."). The subpoena is also sufficiently definite in time and scope, seeking information about women under the age of 50 at a single facility (Hillsdale, Illinois) from January 11, 2011 to June 30, 2015, or approximately two years before and after Ms. Torres's termination date. *See, e.g., U.S. Equal Employment Opportunity Comm'n v. Aaron's, Inc.*, 779 F. Supp. 2d 754, 759 (N.D. Ill. 2011) (allowing EEOC to obtain information from "about two years before to about two years after [the charging party's] termination," and explaining that "[p]re-charge and post-charge data can provide useful information to enable the EEOC to assess whether discrimination took place.").

Looking to the question of relevance, this Court is satisfied that the requested information "might cast light on the allegations" of pregnancy-based sex discrimination. As the EEOC explains, it is seeking "information identifying other female employees of childbearing age at the relevant facility so EEOC can communicate with them about their experiences regarding requesting and taking leaves of absence." (Doc. 4, at 5). The Seventh Circuit has found that information about "whether an employer discriminated against other members of the same class . . . may cast light on whether an individual person suffered discrimination." *E.E.O.C. v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 369 (7th Cir. 2011). *See also United States Equal Employment Opportunity Comm'n v. Groupon, Inc.*, No. 16 C 5419, 2016 WL 5110509, at *3-4 (N.D. Ill. Sept. 21, 2016).

WestRock insists that the subpoena is still unduly burdensome, in large part based on the request for information regarding the reason each former employee separated from the company. Yvette Mahan, a WestRock Division HR Manager,

3

submitted a declaration confirming that during the relevant time period, there were a total of 59 women under the age of 50 who were employed at the WestRock facility in Hillsdale, 23 of whom separated from the company.  According to Ms. Mahan, the termination codes used for those separations are generally vague and unreliable, so she and her colleagues would need to spend 55 hours manually reviewing each personnel file to determine the actual reason an employee left.  (Doc. 17-1).  If, however, this aspect of the subpoena were eliminated, Ms. Mahan estimates that it would take no more than 2 hours to finish compiling the requested information.  (*Id.* ¶ 9).

In light of this declaration, the EEOC has agreed to accept a response to the subpoena that "includes the termination codes (and the keys to the termination codes . . .) . . . without requiring WestRock to investigate the specific reasons and/or circumstances of [the employees'] separations."  (Doc. 19, at 1-2).  The Court finds this compromise reasonable, and recommends that with this revision, WestRock be ordered to respond to the subpoena and produce the requested information.

## **CONCLUSION**

For the reasons stated above, this Court recommends that the EEOC's application to enforce the administrative subpoena be granted.  WestRock should be ordered to produce the information as requested by February 10, 2017, except that it need only provide termination codes (and the keys to those codes), and not information regarding the specific reasons for each employee's separation.

Pursuant to Fed. R. Civ. P. 72(b), specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served.  Failure to file objections with the Honorable Marvin E. Aspen within

the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation.

ENTER:

Dated: January 24, 2017

*Sheila Finnegan*
Sheila Finnegan
United States Magistrate Judge